UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD GOULD and STARR GOULD,

                               **Plaintiffs,**

-against-                                                    3:05-CV-374 (TJM/DEP)

**REXON INDUSTRIAL CORP., LTD., and
REXON AMERICA CORP.**, a wholly-owned
subsidiary of Rexon Industrial Corp., Inc.,

                                 **Defendants.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

Plaintiffs Richard Gould and Starr Gould ("Plaintiffs") commenced this personal injury action against Defendants Rexon Industrial Corp, LTD. and Rexon America Corp. (collectively "Defendants" or "Rexon") arising out of an accident involving a table saw. This matter was previously the subject of a Decision & Order in connection with Defendants' motion for summary judgment, familiarity with which is assumed. Presently before the Court is Defendants' motion to: (1) preclude Plaintiff from reopening discovery; (2) preclude Plaintiff's expert from testifying with respect to alternative designs; and (3) to dismiss the Complaint. Plaintiff has timely opposed the motion.

1

## II.  DISCUSSION

The source of the instant disputes arises out of the fact that, although Plaintiff's Complaint arguably alleges a design defect claim, Plaintiff, by his own admission, never actively pursued such a claim. This includes Plaintiff's failure to pursue this theory through the discovery process. Instead, Plaintiff opted to pursue a failure to warn theory. Plaintiff obtained an expert on the failure to warn theory, but did not timely obtain an expert opinion on the design defect theory.

By Decision & Order dated August 8, 2006, the Court granted Defendants' motion for summary judgment with respect to the failure to warn claim, but denied Defendants' motion for summary judgment with respect to the design defect claim. As a result of this decision, Plaintiff renewed his interest in pursuing the design defect claim. Consequently, Plaintiff returned to his previously retained expert, Wilbur Meredith, III (who previously issued an opinion on the failure to warn theory) and asked for an opinion on the design defect theory.

On or about September 6, 2006, Plaintiff served a supplemental expert disclosure. In the supplemental disclosure, Plaintiff's expert opined that a certain device (a SawStop) became available in 2000 that would have prevented the injuries sustained by Plaintiff. Plaintiff offered Defendant the opportunity to depose Mr. Meredith on the supplemental disclosure. Defendant refused the supplemental disclosure and the offer to depose Mr. Meredith on the ground that the supplemental disclosure was untimely and discovery was closed. The disagreement over the supplemental disclosure was addressed in a conference with Magistrate Judge Peebles who, by Order dated September 28, 2006, denied Plaintiff's request to reopen discovery and to extend the period for making expert disclosures. In his Order, Magistrate Judge Peebles expressly stated that "[t]his ruling does not preclude the plaintiff from submitting the question of whether or not to

permit previously undisclosed testimony on the issue of design defect to [the District Court]."

### A.     Reopening Discovery

To the extent Plaintiff seeks to reopen discovery, this issue already has been addressed by Magistrate Judge Peebles. The request to reopen discovery and extend the deadline for serving expert disclosures was denied. No appeal was taken of that decision. Accordingly, discovery will not be reopened and the time for serving expert disclosures will not be extended.

### B.     Testimony on Design Defect

Pursuant to Fed. R. Civ. P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Exclusion is automatic unless Plaintiff can demonstrate substantial justification for the failure to disclose or that the failure to disclose is harmless. The Second Circuit has instructed courts to apply the following factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

### 1. Plaintiff's Explanation for Failure to Comply with the Disclosure Requirement

In his responsive papers, Plaintiff concedes that "Plaintiff's position is weakest with respect to this factor." Pl. Tr. Br. at 1-2. Plaintiff admits that, although he did timely submit an expert disclosure, "the focus of the same was on the failure to warn claim." Pl. Tr. Br. at 1. Plaintiff further states that he "should have been aware of the need to present expert testimony on the design defect claim since the amended complaint filed December 5, 2005 clearly pled plaintiff would be presenting evidence on alternative design and particularly the 'lack of any safety barrier covering for the blade.'" Id. at 1 (quoting Am. Compl. at ¶ 35).

In light of the foregoing, Plaintiff is correct that this factor does not weigh in his favor. See Patterson, 440 F.3d at 117; see also Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997). Having asserted a design defect claim, Plaintiff should have been aware of the need to timely submit expert testimony on the issue. Plaintiff took the risk of not conducting discovery on the design defect issue notwithstanding the fact that he pled such a claim. Moreover, although this Court's prior Decision & Order was issued on August 8, Plaintiff did not serve a supplemental expert disclosure until nearly one month later and less than two months before the scheduled trial date.

### 2. The Importance of the Testimony of the Precluded Witness

With respect to the second element, Plaintiff contends that his case would be significantly weakened if his expert could not address the design defect claims set forth in the supplemental disclosure (*i.e.* the use of a SawStop braking sensor) because such testimony goes to the heart of

4

Plaintiff's design defect claim. Without question, expert opinion on alternative design would aid Plaintiff's case. However, based on the submissions to the Court, the value of Plaintiff's proposed expert testimony is questionable. Defendants contend that "[a]lthough Plaintiff's supplemental expert disclosure suggests that defendants should have designed the table saw with the 'SawStop' technology, the sensors on which the device is based were not available until around the year 2000. The saw which was involved in this accident was manufactured in 1992 or 1993 and purchased by the plaintiff in 1994. . . . [T]he proposed testimony would be irrelevant and immaterial since it is dealing with technology that did not exist at the time of the manufacture of the saw." Defs. Oct. 6 2006 Br. at 3. Defendants' contention in this regard is substantiated by the record evidence. See June 6, 2006 Meredith Aff. at Ex. C, p. 5 (noting that the SawStop technology was invented in or about 2000); see also Oct. 2, 2006 letter of Ronald Benjamin at p. 1 (same). Plaintiff has not responded to this contention.

Indeed, if such technology was not available at the time the saw at issue in this case was manufactured, then it would be irrelevant to Plaintiff's claim that the SawStop technology was an available alternative design. See Vincenty v. Cincinnati Inc., 25 A.D.3d 463 (1st Dep't 2006) (alternative design must be available at the time the product was manufactured); Giunta v. Delta Intern. Machinery, 300 A.D.2d 350 (2d Dept. 2002) (same). Accordingly, the Court finds that the proposed supplemental testimony is not important. This factor, therefore, weighs in favor of preclusion.

### 3. The Prejudice Suffered by Defendants as a Result of Having to Prepare to Meet the New Testimony

Plaintiff contends that there would be little prejudice to Defendants because they have been aware for quite some time of the possibility that he would proceed with a design defect claim. In this regard, Plaintiff argues that he submitted evidence concerning the SawStop technology in connection with his papers in opposition to Defendants' motion for summary judgment. Defendants, on the other hand, contend that, based on Plaintiff's representations, they consistently believed this case was a failure to warn case and proceeded accordingly.

The Court finds that this factor also weighs in favor of preclusion. By his own admission, Plaintiff focused his case on the failure to warn theory. It also is evident that Defendants believed this to be the case. Defendants' motion for summary judgment addressed only a failure to warn theory. Defendant conducted no discovery on alternative design. Defendant did not retain its own expert on alternative design or to rebut an alternative design expert that might be presented by Plaintiff. Indeed, Plaintiff's counsel sent a letter to Defendants in March 2006 stating that "I believe we will be conceding the safety design and limiting our claim to a post manufacture failure to warn." It was not until after this Court's decision on the summary judgment motion that Plaintiff changed gears and focused on a design defect claim.

Defendants had no idea Plaintiff intended to assert a design defect claim until they received Plaintiff's opposition to the motions for summary judgment. Defendants did not know that Plaintiff intended to use an expert on alternative design until September 2006, less than two months prior to trial. If the Court allowed Plaintiff to submit the supplemental expert disclosure on alternative design, Defendants likely would be burdened with having to review the expert report, deposing the

6

expert, finding a rebuttal expert, and sitting through a deposition of the rebuttal expert. See Softel, 118 F.3d at 962. The significant change on theories (from failure to warn to defective design based on available alternative designs) and the "differences between [the original proposed testimony and the new proposed testimony] . . . would . . . [redraw] the boundaries of the case and almost certainly . . . prejudice[] [Defendants'] ability to meet [Plaintiff's] attack. Because [Defendants] would have been forced, at a very late date in the discovery process, to accommodate potentially significant shifts in the theories being offered against it, this factor cuts in favor of [exclusion]." Id.

### 4.   Availability of a Continuance

The final factor concerns the availability of a continuance. Of course, in nearly every case a continuance is possible. Here, however, a continuance is not warranted. Discovery has been closed for several months. Despite having pled a design defect claim, Plaintiff did not retain an expert to address such a claim until after the close of discovery and after this Court's decision on the motion for summary judgment. Plaintiff waited approximately one month after the summary judgment decision to serve a supplemental expert report. At that time, the trial was only two months away. Plaintiff did not, at that time, seek an extension of the trial date. Plaintiff had plenty of time within which to obtain an expert on design defect, but did not diligently do so.

Moreover, this case currently is scheduled for trial in less than two weeks. Defendants have already submitted their trial papers. Granting a continuance to allow additional expert discovery is likely to cause significant delay and cause Defendants additional expense in resubmitting trial papers. In the interest of controlling the Court's docket and ensuring the timely disposition of cases, the Court finds that a continuance is not warranted. See Softel, 118 F.3d at 962-63 ("Had the court

granted a continuance for [the plaintiff], it probably would have had to grant additional time for [the defendant] to respond.  When trial courts permit deadline slippage of this sort, trials cannot be scheduled when they ought to be, resulting in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds.").  Accordingly, this factor also weighs against Plaintiff.

For the foregoing reasons, the Court finds that Plaintiff may not offer evidence concerning the availability of an alternative design through William Meredith or Stephen Gass (the inventor of the SawStop technology).[1]

### C. Motion to Dismiss

Defendants also move to dismiss the design defect clam on the ground that, without expert testimony, Plaintiff cannot state a claim.  Expert testimony often is used to establish whether a product's design is unreasonably dangerous and, if so, causation between the defective design and a plaintiff's injury.  However, "[e]xpert testimony with reference to proximate causation is not always required; in [an appropriate] case the jury could . . . [find] proximate causation from . . . consideration of the characteristics of the . . . saw and plaintiff's description of how the accident happened."  Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 110-111 (1983).

Here, while Plaintiff may be unable to demonstrate certain of the factors a jury must consider when balancing the product's risks against its utility and cost without expert testimony (such as the availability of an alternative design), it cannot be said that a jury could not reasonably otherwise balance the remaining relevant factors to determine whether the product's risks outweighed its utility.  Similarly, it cannot be said that the jury could find the separate issue of causation without

---

[1] Plaintiff identified Stephen Gass as a witness after the close of discovery.

8

expert testimony.  A jury can consider the characteristics of the saw and the nature of the accident to ascertain whether the injury was proximately caused by a design defect.  Accordingly, the motion to dismiss is denied.

 V. CONCLUSION

For the foregoing reasons, Defendants' motion to prevent Plaintiff from reopening discovery, from precluding the testimony of Stephen Gass, and precluding the testimony of Wilbur Meredith on the issue of alternative designs is GRANTED.  In all other respect, Defendants' motion is DENIED.

**IT IS SO ORDERED**

DATED:October 11,2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge